Haight, J.
This action was brought by the plaintiff to recover for labor performed, and materials furnished in changing a grist mill occupied by defendants into a roller mill. The answer denied that the labor was performed and materials furnished for the defendants, and alleged that it was done and performed for one Catherine Eaton, who was the owner of the mill. It appears that on the 1st day of July, 1884, the defendants formed a co-partnership for the purpose of carrying on the milling and flouring business in the Eaton mill in the village of Spencerport, and on the same day the firm leased of Catherine Eaton her grist mill, located at that place, for the term of three years. Catherine Eaton was the wife of Joseph Eaton, and in making the lease he acted for her as, her agent. Immediately thereafter one Thomas Redfern, a millwright, was engaged by the defendant Eaton to change the mill into a roller mill for the manufacture of roller flour, and was by him instructed to procure shafting and machinery of the plaintiff and have the same charged to him. The plaintiff did furnish the shafting and machinery so ordered by Redfern, and charged the same in the first instance to the defendant Eaton. At the time he did not know of the existence of the firm, but, afterwards, learning that there was a firm, charged the same to Eaton and Blackall
Upon the trial the defendants sought to prove by the witness Eaton that there was an understanding or agreement between Eaton, Sperry & Co. and Mrs. Eaton, or her representative, about putting the mill in running order.
This was objected to by plaintiff’s counsel as incompetent, immaterial and irrelevant, as it is not shown that the plaintiff was present or knew of it. The objection was sustained and exception taken by defendants. And again, of the witness Sperry, the question was asked, “Was anything said at the time of leasing the mill in reference to putting new machinery and making repairs in order to put the mill into running shape.”
This was objected to by the plaintiff on the ground it was immaterial, incompetent and hearsay. The objection was sustained and exception taken.
Again, the same witness was asked, “Was anything said in relation to putting in new machinery and making repairs in order to put the mill into running shape at the time of the execution of the lease and subsequent thereto and before the performance of the work by plaintiff between Mr. and *742 Mrs. Eaton and you? ” The witness answered that there was. The witness was then requested to “go on and state the substance of that conversation and when it took place.” This was objected to on the ground that it was immaterial, incompetent, irrelevant and hearsay, and Mr. Jones was not present. The objection was sustained and exception was taken by defendants.
We are inclined to the opinion that this evidence was competent and should have been admitted. There is no claim that the work was performed or the material furnished by reason of any personal interview that the plaintiff had had with either of the defendants. He himself admits that at the time he did not know of the existence of the firm, and that he charged the work and material to Eaton. There is consequently no question of estoppel in the case. If, therefore, the defendants could have shown that the work was performed and material furnished for Mrs. Eaton, the owner of the mill, as alleged in the answer, they had the right to do so and thus relieve themselves from responsibility. The lease is silent upon the question. The change in the machinery of the mill was made immediately after the forming of the co-partnership and the leasing by the defendants. The change that was made in the mill was an important one and of a permanent nature. The lease was for the term of two years only. If the defendants could have shown that there was an agreement between them and Mrs. Eaton by which she was to change the machinery in the mill at her own expense, in the absence of any estoppel or agreement on their part with the plaintiff they had the right to do so, and have that fact considered by the referee as bearing upon the question of their liability.
Again, the plaintiff was permitted to testify under the objection of the defendant as hearsay, incompetent and immaterial, to a conversation had with Redfern, the millwright, who ordered the machinery in the nanae of Eaton, at a time subsequent to such order, in reference to there being a firm, and his supposition that the work was for the firm. This conversation was no part of the res gestee-, the defendants were not present, and it consequently should have been excluded.
For these reasons the judgment should be reversed and a new trial ordered before another referee, with costs to abide event.
Smith, P. J., Barker and Bradley, JJ., concur.